**Maryann Yelnosky, OSB No. 863200**
maryann@arboremploymentlaw.com
**Ryan Gibson, OSB No. 073873**
ryan@arboremploymentlaw.com
**Francis T. Barnwell, OSB No. 841623**
fran@arboremploymentlaw.com
Arbor Employment Law
200 SW Market Street, Suite 900
Portland, OR 97201
503-832-7075/Telephone

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **JEFFERSON LOA, M.D.,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SALEM HEALTH HOSPITALS & CLINICS,** an Oregon nonprofit corporation, and **SALEM HEALTH**, an Oregon nonprofit corporation,<br><br>Defendants. | Case No. 6:22-cv-01777-AA<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

For their answer to Plaintiff's First Amended Complaint, Defendants Salem Health Hospitals & Clinics ("SHHC") and Salem Health ("SH") admit, deny, and allege as follows:

1. Defendants admit that Plaintiff purports to bring claims for which this court has original jurisdiction and claims for which this Court has supplemental jurisdiction.

Page 1    **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

2.     Defendants admit that SHHC and SH reside in the State of Oregon and that Plaintiff purports to bring claims based on events that occurred in Marion and Polk County in the State of Oregon. Defendants further admit that venue is proper in the District of Oregon, Eugene Division based on those allegations. Except as admitted, Defendants deny the allegations of Paragraph 2.

3.     Defendants admit that Plaintiff was employed by SH as a hospitalist, and at no time was Plaintiff employed by Defendant SHHC. Defendant SH further admits that Plaintiff provided documentation to SH that he is Filipino-American and further reported that he lived in Marion County, Oregon. Defendant SH also admits that Plaintiff was employed by Defendant SH as a hospitalist when his employment ended and that he relinquished his position as Assistant Medical Director for the Hospitalist program effective January 2021. Except as admitted, Defendant SH denies the allegations of Paragraph 3.

4.     Defendants admit that SHHC is an Oregon non-profit corporation with its primary place of business in Salem, Oregon. Defendant SHHC further admits that it has no employees, that it never employed Plaintiff and that it sometimes acts through its agents. Except as admitted, Defendants deny the allegations of Paragraph 4.

5.     Defendants admit that SH is an Oregon nonprofit corporation with its primary place of business in Salem, Oregon. Defendants further admit that SH acted by and through its agents and employees who were acting in the course of their employment. Except as admitted, Defendants deny the allegations of Paragraph 5.

6.     Defendant SHHC lacks sufficient knowledge and therefore denies the allegations of Paragraph 6. Defendant SH admits that on or about June 8, 2022, Plaintiff gave SH notice that he believed he had a basis for claims related to his

employment. Except as admitted, Defendant SH denies the allegations of Paragraph 6.

7. Defendants admit that Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") Civil Rights Division and that Defendants received notice of that complaint on June 23, 2021. Except as admitted, Defendants deny the allegations of Paragraph 7.

8. Defendants admit that Plaintiff withdrew his complaint and the BOLI issued Plaintiff a right to sue letter. Except as admitted, Defendants deny the allegations of Paragraph 8.

9. Defendants admit that SHHC entered into a series of tolling agreements extending the time for Plaintiff to file a civil action based on the allegations contained in his BOLI complaint to November 25, 2022, and that Plaintiff filed this lawsuit on November 14, 2022. Except as admitted, Defendants deny the allegations of Paragraph 9.

10. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 10. Defendant SH admits that Plaintiff was hired effective July 11, 2016, as an Adult Hospitalist and that Plaintiff became Adult Hospitalist Associate Medical Director in August 2016. Except as admitted, Defendant SH denies the allegations of Paragraph 10.

11. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 11. Defendant SH admits that Dr. Loa was well regarded by some of his colleagues and some of his patients. Defendant SH further admits that Plaintiff was nominated for a Star award for which a number of physicians are nominated. Except as admitted, Defendant SH denies the allegations of Paragraph 11.

12. Defendant SHHC lacks sufficient information and therefore denies the

allegations of Paragraph 12. Defendant SH admits that Plaintiff received a performance review dated June 13, 2019, which document speaks for itself. Except as admitted, Defendant SH denies the allegations of Paragraph 12.

13.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 13. Defendant SH admits that Plaintiff received a performance review dated June 11, 2020, which document speaks for itself. Except as admitted, Defendant SH denies the allegations of Paragraph 13.

14.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 14. Defendant SH denies the allegations of Paragraph 14.

15.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 15. Defendant SH admits that Plaintiff served as interim Medical Director of the Adult Hospitalist Program beginning in January 2017 and moved to Medical Director for the Adult Hospitalist Program of West Valley Hospital on October 1, 2017. Except as admitted, Defendant SH denies the allegations of Paragraph 15.

16.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 16. Defendant SH denies the allegations of Paragraph 16.

17.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 17. Defendant SH denies the allegations of Paragraph 17.

18.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 18. Defendant SH denies the allegations of Paragraph 18.

19.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 19. Defendant SH denies the allegations of Paragraph 19.

20.     Defendant SHHC lacks sufficient information and therefore denies the

allegations of Paragraph 20. Defendant SH denies the allegations of Paragraph 20.

21.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 21. Defendant SH denies that Plaintiff ever reported concerns to Salem Health's Corporate Integrity Department under his name or otherwise revealed to Corporate Integrity that he was the source of concerns raised anonymously to Corporate Integrity regarding physicians who reportedly were not seeing patients. Defendant SH further alleges that its Corporate Integrity Department maintains the confidentiality of its investigations except to those who have a business need to know. Except as admitted, Defendant SH denies the allegations of Paragraph 21.

22.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 22. Defendant SH denies the allegations of Paragraph 22.

23.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 23. Defendant SH denies the allegations of Paragraph 23.

24.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 24. Defendant SH denies the allegations of Paragraph 24.

25.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 25. Defendant SH denies the allegations of Paragraph 25.

26.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 26. Defendant SH admits that Plaintiff made comments about fasting and his belief about its impact on patient care that were disrespectful and perceived as discriminatory, particularly towards colleagues who fast for Ramadan. Except as admitted, Defendant SH denies the allegations of Paragraph 26.

27.     Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 27. Defendont SH admits that Plaintiff was asked to meet with

the Medical Director for the Adult Hospitalist program and the Program Manager so that they could apprise him of the impact of his comments and their expectations regarding his workplace behavior. Except as admitted, Defendant SH denies the allegations of Paragraph 27.

28. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 28. Defendant SH admits the Plaintiff was not interested in understanding the impact his comments had on his colleagues and that he was not willing to voluntarily apologize for his comments. Except as admitted, Defendant SH denies the allegations of Paragraph 28.

29. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 29. Defendant SH admits that after learning that Plaintiff failed to appreciate the impact of his statements on his colleagues, it required him to send an apology that was prepared with the input of the Medical Director for the Hospitalist Program and the Program Manager and that the content of the email Plaintiff reluctantly sent speaks for itself. Except as admitted, Defendant SH denies the allegations of Paragraph 29.

30. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 30. Defendant SH admits that in January 2021, Plaintiff was given the opportunity to step down from his role as Associate Medical Director for the Adult Hospitalist Program and as Medical Director for the Hospitalist Program at West Valley Hospital. Defendant SH further admits that Plaintiff lost the confidence of his colleagues and could no longer be effective in those leadership roles. Except as admitted, Defendant SH denies the allegations of Paragraph 30.

31. Defendant SHHC lacks sufficient information and therefore denies the

allegations of Paragraph 31. Defendant SH admits that Plaintiff relinquished his roles as Associate Medical Director for the Adult Hospitalist Program and Medical Director for the Hospitalist Program at West Valley Hospital. Except as admitted, Defendant SH denies the allegations of Paragraph 31.

32. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 32. Defendant SH acknowledges that Plaintiff's BOLI complaint speaks for itself. Except as admitted, Defendant SH denies the allegations of Paragraph 32.

33. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 33. Defendant SH admits that Plaintiff's employment was terminated effective February 22, 2022, that he received 120 days of pay in lieu of 120 days' notice which totaled more than $120,000, and that Plaintiff had previously inquired whether his employment would be terminated during discussions regarding his acknowledged disrespectful and inappropriate interactions with his colleagues. Except as admitted, Defendant SH denies the allegations of Paragraph 33.

34. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 34. Defendant SH denies the allegations of Paragraph 34.

35. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 35. Defendant SH admits that Plaintiff has represented he obtained employment after his employment with SH ended but lacks sufficient information and therefore denies the allegations of Paragraph 35.

36. Defendants incorporate their responses to paragraphs 1-35 as if set forth fully herein.

37. Defendant SHHC lacks sufficient information and therefore denies the

allegations of Paragraph 37. Defendant SH denies the allegations of paragraph 37.

38. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 38. Defendant SH denies the allegations of paragraph 38.

39. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 39. Defendant SH denies the allegations of paragraph 39.

40. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 40. Defendant SH denies the allegations of paragraph 40.

41. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 41. Defendant SH denies the allegations of paragraph 41.

42. Defendants incorporate their responses to Paragraphs 1-41 as if set forth fully herein.

43. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 43. Defendant SH denies the allegations of paragraph 43.

44. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 44. Defendant SH denies the allegations of paragraph 44.

45. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 45. Defendant SH denies the allegations of paragraph 45.

46. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 46. Defendant SH denies the allegations of paragraph 46.

47. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 47. Defendant SH denies the allegations of paragraph 47.

48. Defendant SHHC lacks sufficient information and therefore denies that Plaintiff has any basis to amend his amended complaint to seek punitive damages. Defendant SH denies that Plaintiff has any basis to amend his amended complaint to

seek punitive damages.

49. Defendants incorporate their responses to Paragraphs 1-48 as if set forth fully herein.

50. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 50. Defendant SH denies the allegations of paragraph 50.

51. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 51. Defendant SH denies the allegations of paragraph 51.

52. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 52. Defendant SH denies the allegations of paragraph 52.

53. Defendant SHHC lacks sufficient information and therefore denies the allegations of Paragraph 53. Defendant SH denies the allegations of paragraph 53.

54. Defendant SHHC lacks sufficient information and therefore denies that Plaintiff has any basis to amend his amended complaint to seek punitive damages. Defendant SH denies that Plaintiff has any basis to amend his amended complaint to seek punitive damages.

55. Except as admitted Defendants deny the allegations of Plaintiff's complaint and the whole thereof.

### FIRST AFFIRMATIVE DEFENSE FOR DEFENDANTS SHHC AND SH

56. Plaintiff's claims are barred in whole or in part to the extent Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE FOR DEFENDANTS SHHC AND SH

57. To the extent that Plaintiff's claims are based on events occurring outside of the actionable period provided by law, they are barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE FOR DEFENDANTS SHHC AND SH

58. Plaintiff's alleged damages, if any, would have been eliminated or substantially reduced had Plaintiff taken reasonable steps to mitigate such damages.

FOURTH AFFIRMATIVE DEFENSE FOR DEFENDANT SH

59. Defendant SH's actions were based on and motivated by valid, legitimate and non-discriminatory business reasons, and were taken in good faith and without any intent to deny Plaintiff any rights under federal, state, or local law.

WHEREFORE, Defendants seeks judgment in their favor and against Plaintiff, that Plaintiff's claims be dismissed in their entirety, and that Defendants be awarded costs, attorneys' fees and such other relief as the Court deems just and proper.

DATED: February 10, 2023.

ARBOR EMPLOYMENT LAW

By  *s/Maryann Yelnosky*
Maryann Yelnosky, OSB No. 863200
maryann@arboremploymentlaw.com
Ryan Gibson, OSB No. 073873
ryan@arboremploymentlaw.com
Francis T. Barnwell, OSB No. 841623
fran@arboremploymentlaw.com
503-832-7075/Telephone

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2023, I served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on:

> Christopher Lundberg
> Matthew E. Malmsheimer
> Haglund Kelley LLP
> 2177 S.W. Broadway
> Portland, OR 97201

- ☑ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

- ☐ by **mailing** a true and correct copy to the last known address of each person listed. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

- ☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed. It was contained in a sealed envelope and addressed as stated above.

- ☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

- ☐ by **faxing** a true and correct copy to the last known facsimile number of each person listed, with confirmation of delivery. It was addressed as stated above.

- ☐ by **emailing** a true and correct copy to the last known email address of each person listed, with confirmation of delivery.

*s/Maryann Yelnosky*
Maryann Yelnosky, OSB No. 863200
Ryan Gibson, OSB No. 073873
Francis T. Barnwell, OSB No. 841623

*Attorneys for Defendant*